UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYAN STANLEY JORDAN MEJIA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE
DIRECTOR; and BRUCE SCOTT,[1]

Respondents.

C26-0033 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus, docket no. 6, and a motion for a temporary restraining order ("TRO"), docket no. 17. By Minute Order entered February 23, 2026, docket no. 13, the Court directed petitioner pro se and respondent Immigration and Customs Enforcement ("ICE") Field Office Director to file supplemental briefs concerning the standards set forth in _Zadvydas v. Davis_, 533 U.S. 678 (2001). By Minute Order entered April 3, 2026, docket no. 19, the Court set a briefing schedule regarding the motion for a TRO and referred this matter to the Office of the Federal Public Defender to review and, if appropriate, seek appointment pursuant to 18 U.S.C. § 3006A(a)(2)(B). Assistant Federal Public Defender Ann Wagner appeared in

---

[1] The proper respondent for a petition brought under 28 U.S.C. § 2241 is "the person who has custody over" the petitioner. _See Rumsfeld v. Padilla_, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242 & 2243); _Doe v. Garland_, 109 F.4th 1188, 1197 (9th Cir. 2024). The Clerk is DIRECTED to add facility warden Bruce Scott as a respondent.

ORDER - 1

this action on April 7, 2026, and she has filed a reply in support of the motion for a TRO, which advocates for granting the habeas petition and striking as moot the motion for a TRO, _see_ Reply at 2 (docket no. 22).  She has also submitted six exhibits concerning ICE's practice of driving detainees to the southern border in an effort to remove individuals to Estados Unidos Mexicanos (Mexico) without any travel documents.  _See_ Exs. 1–6 to Reply (docket nos. 22-1 – 22-6).  Having now reviewed all papers filed in support of, and in opposition to, the habeas petition and the motion for a TRO, the Court enters the following Order.

**<u>Background</u>**

Petitioner Bryan Stanley Jordan Mejia is a citizen of the Republic of El Salvador. Reed Decl. at ¶ 4 (docket no. 10).  He was apprehended by U.S. Customs and Border Protection agents in late December 2023 and then released on his own recognizance.  _Id._ at ¶¶ 5–6.  In December 2024, petitioner filed an application for asylum and withholding of removal.  _Id._ at ¶ 8.  When petitioner appeared for an immigration hearing on May 20, 2025, he was arrested, and he has been in custody at the Northwest ICE Processing Center ("NWIPC") since then.  _Id._ at ¶ 9.  In July 2025, petitioner filed a new application for asylum and withholding of removal, and on August 29, 2025, an immigration judge ordered petitioner removed to El Salvador, but granted petitioner's application for withholding of removal; petitioner waived the right to appeal, and the order of removal and withholding of removal is final.  _See id._ at ¶¶ 15–16; _see also_ Ex. D to Lambert Decl. (docket no. 11-4).  Petitioner has no criminal history.  _See_ Ex. B to Lambert Decl. (docket no. 11-2 at 3).

ORDER - 2

**Discussion**

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely. *See* *Zadvydas*, 533 U.S. at 698–99; *see also* 8 U.S.C. § 1231(a). If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention. *See* *Zadvydas*, 533 U.S. at 701. Respondent ICE Field Office Director concedes that the presumptively reasonable six-month period has expired. *See* Resp.'s Supp. Br. at 3 (docket no. 15). Moreover, respondent does not dispute that petitioner cannot be removed to El Salvador because his application for withholding of such removal was granted by the immigration judge. No other country was designated in the order of removal. *See* Ex. D to Lambert Decl. (docket no. 11-4). Thus, petitioner has made the showing required by *Zadvydas*.

In an attempt to rebut the unlikelihood of petitioner's removal in the reasonably foreseeable future, respondent asserts that petitioner could be removed to Mexico, which has been accepting El Salvadorian citizens. *See* Resp.'s Supp. Br. at 3 (docket no. 15). Respondent acknowledges, however, that petitioner has claimed a fear of being sent to Mexico, and that he has not yet been interviewed by U.S. Citizenship and Immigration Services ("USCIS") with respect to such fear. *Id.* No specific date for the USCIS interview has been set. *See* Reed Decl. at ¶ 17 (docket no. 10). Respondent offers no evidence that (i) Mexico would even accept petitioner, (ii) if removed to Mexico,

ORDER - 3

petitioner would not be forwarded (or refouled) to El Salvador in violation of the immigration judge's order, or (iii) if transported to the border with Mexico, petitioner would not just be re-detained after expressing an unwillingness to go to Mexico.  *See Valdes-Oviedo v. ICE Field Off. Dir.*, No. C25-2720, 2026 WL 353266, at \*3 (W.D. Wash. Feb. 9, 2026) (observing that "courts in this District have found that Mexico has been unwilling to accept noncitizens who . . . are unwilling to go"); *see also* Reply at 4–5 & Exs. 1–6 (docket nos. 22 – 22-6) (indicating that individuals who are taken to the border and do not "voluntarily" enter Mexico are returned to detention in the United States).  Under *Zadvydas*, petitioner's detention has become unlawful, and he must be immediately released.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 6, is GRANTED, and respondents shall immediately RELEASE petitioner Bryan Stanley Jordan Mejia from custody at the NWIPC;

(2)     Within twenty-four (24) hours of the entry of this Order, respondent ICE Field Office Director shall file a declaration confirming that petitioner has been released from custody;

(3)     The U.S. Department of Homeland Security ("DHS") and all of its operational and support components, including ICE, and all DHS officials and personnel, including all ICE employees, are hereby ENJOINED from re-detaining petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a

ORDER - 4

neutral decisionmaker, unless probable cause exists for believing that petitioner has committed or is attempting to commit a criminal offense;

(4)     Respondent and all DHS and ICE officials and personnel are prohibited by the immigration judge's order dated August 29, 2025, Ex. D to Lambert Decl. (docket no. 11-4), from removing petitioner to the Republic of El Salvador or to any other country that is requested, expected, or likely to return petitioner to El Salvador;

(5)     Respondent and all DHS and ICE officials and personnel are further prohibited from removing petitioner to any other country without at least seven (7) days' advance written notice and an opportunity to respond in a reopened removal proceeding before an immigration judge;

(6)     The Clerk is DIRECTED to enter judgment consistent herewith and to strike as moot petitioner's pro se motion for a TRO, docket no. 17, after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 27th day of April, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 5